UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO:

KENNETH SMITH,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, KENNETH SMITH, (hereinafter "SMITH") by and through her undersigned counsel, and files her Complaint suing the Defendant, CARNIVAL CORPORATION (hereinafter "CARNIVAL") states as follows:

### JURISDICTION, VENUE, AND PARTIES

1. SMITH is a citizen of the United States of America, residing in the state of Pennsylvania, at the address above captioned, and therefore diversity exists.

2. This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy far exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3. Admiralty jurisdiction exists pursuant to 28 U.S.C. §1333.

4. That Defendant, CARNIVAL CORPORATION, is a foreign corporation, authorized to do, and doing business, in the State of Florida, and did business in Florida, providing cruising voyages to paying passengers, and owned and/or operated a cruising vessel known as the "Conquest".

5. At all material times, Defendant, CARNIVAL CORPORATION, has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personal jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant, CARNIVAL CORPORATION, has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare-paying passengers such as the Plaintiff, to bring any lawsuit against the Defendant, CARNIVAL CORPORATION, arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because the Defendant's principal places of business are located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

10. At all material times, the Defendant, CARNIVAL CORPORATION, has engaged in the business of operating maritime cruise vessels for fare-paying passengers and for this purpose operated, among other vessels, the Carnival Conquest.

11. At all material times, Defendant operated, managed, maintained and were in exclusive control of the Carnival Conquest.

12. At all material times, including the injury date of October 1, 2024, the Plaintiff was a fare paying passenger aboard the Carnival Conquest (the "subject vessel") and in that capacity was lawfully present aboard the vessel.

13. On or about October 1, 2024, Plaintiff, SMITH, was a participant in game/activity/competition, aboard the subject vessel, on the Lido Pool Deck located on deck 9, near or in front of the pool area, the game known and announced on the Fun Times pamphlet for the sailing on October 1, 2024, called and/or known as Legend of Lido Competition, involved three stages of competitions, judged by selected passengers give each participant a score between 1-5 based on their high energy, exaggerated and entertaining performance. After completing the catwalk portion of the competition, Plaintiff, SMITH, was instructed by the Carnival employee running the competition, whose identity is unknown to Plaintiff, to do whatever it took to avoid the ferocious towel animal from attacking anyone on the ship. Taking this "no holds barred" attitude as instructed by the Carnival employee managing this competition, SMITH, jogged toward the snake towel animal in front of the pool, intending to jump on the towel snake, he lost his footing, slipping and falling, on what is believe to be water, onto the ground severely injuring himself upon hitting the hard and hot API and/or wood like flooring, crashing into nearby lounge chairs as he fell. Saving the ship from the dangerous snake towel animal, crowning him the Legend of Lido, but in the process causing embarrassment and injury after the fall. The Plaintiff suffered severe bodily injuries from the incident.

14. Carnival, through its employees on the Carnival Conquest, created, organized, and supervised a Legend of Lido Competition and/or activity for its passengers. The competition organized by Carnival is an event where Carnival advises passengers on the Lido deck participating in the event that they are required to do three of rounds in their talent competition, which include the following events: Carnival Catwalk: Strutting a runway and showcasing personal style. Animal Instincts: Acting out an animal's characteristics through sounds and movements. Towel Animal Wrestling/Fashion Show: A unique round on some ships involves wrestling a towel animal or a fashion show with improvised clothing. Thus, the participants are

told to act very high energy, fun, funny and do things outside of their comfort zones in order to get votes from a set of selected passengers that will judge the event to be crowned the Legend of Lido.

15. The Towel Animal Wrestling portion of the competition is said to test the participants speed and endurance, encouraging the selected Legend of Lido participants to do anything they have to do, whether it's run and attack, jump and smack the towel animal, or even body slam and elbow the towel animal on the ground, in order to secure that the towel animal is dominated and does not hurt anyone on the ship. This particular portion of the event invites the participants to engage in motions and activities that near the pool are known to cause injuries. As depicted in this YouTube video, https://www.youtube.com/shorts/EPcOV-QnNEI, from user @Travel-Trish, entitled Towel Animal Smackdown pt 2.

16. Carnival also is responsible for choosing the event location. Carnival chose to host this event is on the pool deck, directly in front of the pool. In choosing this particular location, Carnival chose an area with a slick, wet surface. Carnival is aware that this particular location, near the pool, is an area of high passenger traffic, an area where there are frequently puddles of water and wet areas, an area which is slippery when it is wet, and an area where water on the deck is not easily seen by someone walking on the floor or deck. As well as, from pool goers dripping water from their bodies, as well as other sunscreen oil and other oils (for example, oils from skin moisturizers, soap, shampoo, and the like) onto the floor and decking as they go, making the flooring in that area very slippery.

17. Carnival operates more than 29 cruise ships. On these ships, Carnival organizes and supervises on-board activities for its passengers both within the ship's interior and on exterior deck areas. Carnival is in the business of, among other things, crowd control, supervision, direction, leadership, organization, and management of cruise-sanctioned activities. Carnival knows that hosting a timed event, such as towel animal wrestling, in an area directly in front of the pool would create unsafe hazards for its passengers. Carnival knows these dangers because Carnival is in the

business of, among other things, creating, organizing, and supervising on board activities for its passengers. In this case, the Plaintiff, a participant in Carnival's supervised Legend of Lido competition, slipped and fell due to the way in which Carnival created, supervised, and managed this event. Carnival knew of the dangers of this event, as evidenced by similar related claims and lawsuits involving injuries during said activities and/or competitions which Carnival organized, created, supervised, and managed.

18. As a result of Carnival's poor choice of location for this event, coupled with Carnival's decision to make this event a "no holds barred" type of match between the participant and the furious and dangerous towel animal, Plaintiff has suffered serious, debilitating, and permanent injuries which have required surgery.

19. Further, CARNIVAL has been sued before and has received claims for injuries that have settled outside of Court caused by it poor choice to organize, create, supervise and manage these activities and/or competitions on the lido deck near or in front of the pool area; The following cases show proof of actual or constructive knowledge to CARNIVAL CORPORATION regarding incidents of injury arising from these poolside games/activities/ competitions near or in front of the pool area of the lido deck, on their fleet of ships:

   a. On May 11, 2015, Kathryn Breeden was injured while participating in an onboard activity on the lido deck, near the pool area, when she slipped and fell, while running to accomplish the task of the activity, aboard the Carnival Miracle;

   b. On October 22, 2014, Martha Santana was injured when dancing on the wet Lido Pool Deck by the main pool area, aboard the Carnival Miracle;

   c. On October 14, 2013, Cynthia Winne was injured while taking dancing lessons at the Lido Pool deck aboard the Carnival Legend;

    d.    On January 30, 2015, Selcuk Efeturk was injured while participating in a dance party on the wet Lido Pool Deck aboard the Carnival Legend;

    e.    On August 4, 2015, Wayne Cosmo was injured when he slipped and fell while participating in a game/ activity/competition organized by Carnival in front of the lido pool deck aboard the Carnival Miracle, Case 1:16-cv-22933-RNS;

    f.    On June 6, 2017, Mary Steward was injured when she slipped and fell while participating in a dancing event hosted by Carnival on their main pool deck, known as the Lido Pool Deck, aboard the Carnival Pride, CASE NO. 18-21898-CIV-ALTONAGA/Goodman.

## COUNT I –
## NEGLIGENT FAILURE TO WARN AS TO DEFENDANT, CARNIVAL

Plaintiff re-alleges all allegations pled in paragraphs one (1) through nineteen (19) above as if alleged fully herein.

20.    At all material times, including the date of injury of October 1, 2024, the subject vessel was and is owned, operated, and controlled by CARNIVAL.

21.    At all material times, CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully onboard the subject vessel it operated, a duty of reasonable care, under the circumstances, including the duty to take reasonable steps to warn passengers, such as Plaintiff.

22.    Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a.    Failing to adequately warn of injury risks created by the condition of participating in a game/activity/competition near and/or in front if the main pool area, known to be slippery when wet, as well as failing to securing an anti-skid mat to be placed near or by the pool where the

    game/activity/competition was being played, in order to ensure the safety of all fare-paying passengers, including the Plaintiff;

b. Failing to adequately warn of injury risks created participating in a game/activity/competition near and/or in front if the main pool area, known to be slippery when wet, including cleaning the saturated water from the flooring and/or decking near the pool area on deck 9, in order to ensure the safety of all fare-paying passengers, including the Plaintiff;

c. Failure to warn the Plaintiff of the unreasonably dangerous condition of participating in a game/activity/competition near and/or in front if the main pool area, known to be slippery when wet.

d. Failure to warn the Plaintiff that the subject area becomes unreasonably slippery when wet due to a mixture of water, other sunscreen oil and other oils (for example, oils from skin moisturizers, soap, shampoo, and the like);

e. Failure to warn the Plaintiff of the risks and/or dangers associated with the unreasonably safe wet flooring and/or decking near the main pool area on Deck 9;

f. Failure to warn passengers, participates of the game/activity/competition and the Plaintiff of other accidents previously occurring in same area due to hazardously slippery the flooring and/or decking near the main pool area on Deck 9, missing anti-skid mats along the pool areas, making it unreasonably dangerous and failed to warn of that dangerous condition, resulting in the slip and fall of Plaintiff, causing severe injuries and damages to Plaintiff.

g. Failure to warn fare-paying passengers that the flooring and/or decking near the main pool area on Deck 9 would be a dangerous and/or hazardous condition thereby causing a fall hazard;

  h. Failure to warn passengers that participating in high intensity games, such as "no holds barred" towel animal wrestling may cause severe injuries.

  i. Failure to warn the participants of the Legend of Lido competition that while having fun, they should follow the rules of no running and/or jumping commonly known for this area.

23. At all material times, Carnival knew or should in the exercise of reasonable care, under the circumstances, have known of the dangerous condition of the flooring and/or decking near the main pool area on Deck 9 as referenced above.

24. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar area(s), prior slip/trip and fall instances on the same or similarly configured areas, industry standards regarding such areas, the recurring nature of the dangerous conditions in the wet flooring, and the length of time the area had been in an unsafe condition before the Plaintiff was injured, a length of time sufficient to invite corrective measures.

25. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the flooring and/or decking near the main pool area on Deck 9, where the participants were engaging in the Legend of Lido competition, where Plaintiff fell, CARNIVAL failed before the time of the Plaintiff's injury to take reasonable measures to maintain the flooring and/or decking near the main pool area on Deck 9, in a reasonably safe condition by correcting its dangerous condition, by choosing a different location on the lido deck for the Legend of Lido competition and/or warning passengers of the existence of the dangerous condition. CARNIVAL thereby failed to exercise reasonable care, under the circumstances, for the safety of its passengers, including the Plaintiff, and was thereby negligent.

26. At all material times the dangerous condition of the flooring and/or decking near the main pool area on Deck 9, where the competition was being held, referenced above was neither known, open nor obvious to the Plaintiff.

27. As a direct and proximate result CARNIVAL's negligence as described above the Plaintiff slipped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

28. As a direct and proximate result of the event described above, Plaintiff was injured in and about his body and extremities. He suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, he incurred medical, hospital, and other out of pocket and health care expenses as a result of his injuries, the future medical and health care expenses being reasonably certain to occur. He also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT II –
## VICARIOUS LIABILITY CLAIM AGAINST DEFENDANT CARNIVAL

Plaintiff re-alleges all allegations pled in paragraphs one (1) through nineteen (19) above as if alleged fully herein.

29. At all material times, including the injury date of October 1, 2024, the subject vessel was and is owned, operated, and controlled by CARNIVAL.

30. CARNIVAL is vicariously liable for the negligent acts of its employees, agents, servants, and crewmembers (hereinafter referred to as the "Crew") acting within the course and scope of their employment and/or agency.

31. CARNIVAL, by and through its Crew, owed Plaintiff a duty to act with reasonable care, under the circumstances.

32. At all times material, CARNIVAL, by and through its Crew acting within the course and scope of their employment and/or agency, including the crewmember who was running and/or supervising the event that was standing near the main pool, in a red polo shirt and dark colored shorts, holding a microphone and a chipboard in the Subject Area where the competition was being held at the time of Plaintiff's fall, and any other member of the Crew responsible for the Subject Area the Legend of Lido Competition, for whom CARNIVAL is vicariously liable, breached the duty of reasonable care, under the circumstances, owed to Plaintiff and was negligent in the following ways:

    a. Failing to inspect and prepare the area including the flooring before the Defendant starts the event to make the flooring clean, dry, and safe for a timed competition;

    b. Failing to reasonably maintain the flooring in the Subject Area;

    c. Failing to warn Plaintiff of dangerous conditions in the Subject Area such as an unreasonably slippery floor or a wet and/or oily substance on the floor;

    d. Failing to safely clean and/or address the wet and/or oily substance on the floor;

    e. Failing to lay down slip resistant mats near the main pool area;

    f. Failing to properly organize, manage, and host this type of event;

    g. Choosing to host a race-like event in a high traffic area with a slick, wet surface;

    h. Failing to hold this event in an area away from the pool;

    i. Failing to properly and reasonably monitor and control the activities of people in an area especially an area which Defendant knows is an area of high traffic and continuous problems;

33. The Defendant created the dangerous condition on the subject ship by creating, supervising, managing, and choosing the location of this ship-organized event, by not inspecting the location of the event sufficiently, and by not preparing sufficiently the flooring of the area where the defendant organized the event.

34. The Defendant knew or should have known of the condition of the flooring where the Defendant organized the event because the wet area existed for an extended period of time and because the Defendant should have inspected and prepared the area including the flooring before the Defendant started the event.

35. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff slipped and fell and has thereby sustained and will continue in the future to sustain the damages alleged above.

36. As a direct and proximate result of the event described above, Plaintiff was injured in and about his body and extremities. He suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, he incurred medical, hospital, and other out of pocket and health care expenses as a result of his injuries, the future medical and health care expenses being reasonably certain to occur. He also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## **DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable of right.

Submitted this 23rd of September, 2025.

                                                  MORGAN AND MORGAN
                                                  Attorney for Plaintiff
                                                  1700 Palm Beach Lakes Blvd, Suite 500,
                                                  West Palm Beach, FL 33401
                                                  Telephone:  (561) 341-8905
                                                  Fax:  (561) 341-8930
                                                  Mark.hanson@forthepeople.com
                                                  Vanessa.novoa@forthepeople.com

                                                  BY:***/s/MARK HANSON***
                                                    MARK HANSON, ESQ.
                                                    FLORIDA BAR NO: 621651